# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ray Charles Price | ) | Case No. 12-142M |
| *Defendant* | ) | |
| | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 28, 2012 in the County of Maricopa, in the District of Arizona, Ray Charles Price, having previously been convicted of Theft, Arizona Superior Court, Maricopa County Case No. CR1997-007462, a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, to wit: a Sig Sauer .45 caliber semi-automatic pistol, model P220, bearing serial number G391555, which had been shipped and transported in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). I further state that I am a sworn Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

This criminal complaint is based on these facts:
**See Attached Statement of Probable Cause Incorporated By Reference Herein**

### STATEMENT OF PROBABLE CAUSE

AUTHORIZED BY:   AUSA Theresa Cole Rassas

☒ Continued on the attached sheet.

_____
Complainant's signature

Michelangelo Caggiano, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 13, 2012

_____
Judge's signature

City and state:   Phoenix, Arizona

Michelle H. Burns
United States Magistrate Judge
*Printed name and title*

I, Michelangelo Caggiano, being duly sworn, hereby depose and state as follows:

1. Your Affiant is a Detective with the Phoenix Police Department and is sworn Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Your Affiant has completed the Arizona Law Enforcement Academy in Phoenix, Arizona and has been a police officer for more than 10 years. Your Affiant was an officer for 4 years in patrol and 3 years assigned to the Walking Beat Squad within the City of Phoenix Housing Projects. Your Affiant is currently assigned to the Gun Enforcement Squad as a Task Force Officer for approximately 3 years. Your Affiant is a deputized Federal Marshal. Some of your Affiant's responsibilities include investigating both state and federal firearm violations. Your Affiant has experience as a Patrol Officer, Walking Beat Officer and Gun Enforcement Detective. Furthermore, your Affiant has investigated numerous state and federal firearms violations, illegal drug violations, fraud and forgery violations as well as other federal criminal violations.

2. As a result of experience and training, your Affiant knows it is a violation of 18 U.S.C. 922(g)(1) for any person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to knowingly ship or transport in interstate or foreign commerce, or knowingly possesses in or effecting commerce, any firearm or ammunition: or to

1

knowingly receive any firearm or ammunition which has been shipped, transported, or received in interstate or foreign commerce.

3. This affidavit is being submitted in support of a complaint charging Ray Charles Price with the aforementioned criminal codes. The statements made in this affidavit are based on your Affiant's training and experience, personal observations and investigation conducted by your Affiant, and information communicated to, or reported to your Affiant during the investigation by other participants, as the content of this affidavit indicates.

4. On February 28, 2012, at approximately 1730 hours, Phoenix Police Department Detective Caggiano #7525 was contacted by Darrell Smith from the United States Postal Inspector's Office regarding a subject on whom they had been conducting surveillance. Darrell Smith advised Detective Caggiano that a subject identified as Fabian Campbell had been dropped off at Shooter's World, located at 3828 North 28th Avenue in Phoenix, Arizona by an unknown black male, later identified as Ray Price (Date of Birth ——68). Campbell was observed in possession of a firearm by undercover U.S. Postal Inspectors. Campbell was identified by his driver's license photo and a criminal records check was conducted. Campbell's Interstate Identification Index check showed numerous felony arrests in the State of New York for various felony offenses.

5. Based on the numerous felony arrests and information provided in the records check, it was believed that Campbell was a convicted felon, which would make him a prohibited possessor in violation of State of Arizona and Federal

2

Firearms Laws. Campbell was observed inside a class room within the Shooter's World store with the firearm. Therefore, surveillance was maintained on Campbell.

6. At approximately 1800 hours, Ray Price returned to Shooter's World and was observed by undercover agents meeting Campbell and taking possession of the listed firearm. Price drove away with the firearm and was contacted by Phoenix Police Department Officers following a traffic stop in the area of 4200 N. 27th Avenue in an apartment complex parking lot. Detective Caggiano was informed by Darrell Smith that U.S. Postal Inspectors had observed Price conducting what they believed to be criminal activity related to narcotics trafficking earlier in the day and also needed him stopped and identified.

7. At approximately 1805 hours, Price was contacted by Phoenix Officers and was observed to be in possession of the Sig Sauer .45 Caliber semi-automatic firearm that was originally in Campbell's possession. A records check was conducted on Price. Price was found to be a convicted felon with several pending arrest warrants from Maricopa County Superior Court, Glendale Municipal Court and Phoenix Municipal Court. Based on the criminal history records, which shows that Price was convicted on 1/15/1998 for one count of Theft, a class 3 felony offense committed on 6/22/1997, in Maricopa County, Arizona, Detective Caggiano believed Price is a convicted felon. Kristine Goodwill with the Maricopa County Clerk's Office later verified Price had not restored his right to possess a firearm.

3

8. After Price was taken into custody, Detective Caggiano and other agents with Phoenix Police and U.S Postal Inspectors went into Shooters World and contacted Campbell, placing him under arrest at approximately 1809 hours. Campbell was escorted out of the store and seated at a table awaiting transport. Detective Caggiano read Campbell his *Miranda* rights and conducted an audio recorded interview with him. Campbell stated he understood his rights and agreed to answer questions. During this interview, Campbell admitted to being in possession of the listed firearm. He stated he obtained the handgun from Price. Campbell sent Price a text message to come and get the handgun once it was learned the gun was not needed for his class that evening. When questioned about his criminal history, Campbell stated he had spent time in prison in the state of New York and had been arrested and convicted on numerous violations, but denied felony convictions. On February 29, 2012, Detective Caggiano spoke with Campbell's New York probation office. It was confirmed by Supervisor Fraser that Campbell had misdemeanor convictions only; therefore firearm charges were not pursued against Campbell.

9. At approximately 1951 hours, Detective Caggiano contacted Price at the Central City Precinct. Price was read his *Miranda* rights and stated "yes" to understanding his rights and agreed to answer questions. This interview was audio recorded. Price stated he made a mistake and should not have picked the gun up from Campbell. Price admitted he is a convicted felon and should not be around firearms. He also admitted to recent illegal marijuana use and being

4

a former California "Hoover" gang member.

10. Price was processed by Phoenix Police Officers and later transported to the Maricopa County 4th Avenue Jail. Price was booked on his numerous warrants and an ATF hold regarding the firearm violation.

11. On February 29, 2012, Detective Caggiano obtained Interstate Identification Index (III) criminal records for Price, and viewed the Maricopa County Superior Court Secure Docket web site which confirmed the criminal history noted above in Paragraph 7. On this same day, Detective Coury attempted to transport Price to place him into the custody of the U.S. Marshal's Office, but was notified by jail personnel that Price had to be processed on his listed warrants before he would be released to federal authorities. The ATF Hold remains in place until Price's other criminal matters are resolved.

12. Detective Caggiano contacted ATF Special Agent Iber who is an Interstate Nexus expert. S/A Iber advised that the listed Sig Sauer was not manufactured in the State of Arizona and therefore had been shipped and transported in interstate or foreign commerce.

///

///

///

///

13. Based upon the aforementioned facts stated herein, I believe there is probable cause to arrest Ray Charles PRICE for violation of Title 18, United States Code, Section 922 (g)(1) and 924(a)(2).

_____
Michelangelo Caggiano, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this 13 day of March, 2012.

_____
Michelle H. Burns,
United States Magistrate Judge